E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SKYLER F. CHO (Cal. Bar No. 285299)
Assistant United States Attorney
International Narcotics, Money
  Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2475
    Facsimile:  (213) 894-0142
    E-mail:    skyler.cho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:16-00684-CAS-2 |
|---|---|
| Plaintiff, | REVISED PLEA AGREEMENT FOR DEFENDANT AMADA ALVAREZ |
| v. | |
| AMADA ALVAREZ, | |
| Defendant. | |

1.   This constitutes the plea agreement between AMADA ALVAREZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to conspiracy to

distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), which is a lesser included offense in count one of the Indictment in <u>United States v. Amada Alvarez</u>, CR No. 2:16-00684-CAS-2.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

       b.   Abide by all agreements regarding sentencing contained in this agreement.

       c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may

consider any dismissed charges in determining the applicable
Sentencing Guidelines range, the propriety and extent of any
departure from that range, and the sentence to be imposed.

    d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

    4.   Defendant understands that for defendant to be guilty of
the crime charged in count one, that is, conspiracy to distribute and
possess with intent to distribute methamphetamine, in violation of 21
U.S.C. §§ 846, 841(a)(1), the following must be true: (1) there was
an agreement between two or more persons to distribute or to possess
with intent to distribute methamphetamine; and (2) defendant joined
in the agreement knowing of its purpose and intending to help
accomplish that purpose.

    5.   Defendant understands that for defendant to be subject to
the statutory maximum and statutory minimum sentences set forth
below, the government must prove beyond a reasonable doubt that
defendant conspired to distribute or to possess with intent to
distribute a Schedule I or II controlled substance.  Defendant admits
that defendant, in fact, conspired to distribute a Schedule I or II
controlled substance, namely, methamphetamine.

PENALTIES

    6.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of 21 U.S.C. §§ 846,

841(a)(1), 841(b)(1)(C), which is a lesser included offense charged within count one of the Indictment, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), which is a lesser included offense charged within count one of the Indictment, is: a three-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this

case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11.  Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may

//

1   entail, even if the consequence is automatic removal from the United

2   States.

3                              FACTUAL BASIS

4        12.  Defendant admits that defendant is, in fact, guilty of the

5   offense to which defendant is agreeing to plead guilty.  Defendant

6   and the USAO agree to the statement of facts provided below and agree

7   that this statement of facts is sufficient to support a plea of

8   guilty to the charge described in this agreement and to establish the

9   Sentencing Guidelines factors set forth in paragraph 14 below but is

10  not meant to be a complete recitation of all facts relevant to the

11  underlying criminal conduct or all facts known to either party that

12  relate to that conduct.

13       Beginning on an unknown date and continuing until on or about

14  July 19, 2016, in Los Angeles County, within the Central District of

15  California, defendant, co-defendant LOUIE JOSEPH GARZA JR. ("GARZA"),

16  and others known and unknown conspired and agreed with each other to

17  knowingly and intentionally distribute and possess with intent to

18  distribute methamphetamine.  Defendant joined in the agreement

19  knowing of its purpose and intending to help accomplish that purpose.

20       In furtherance of the conspiracy, on or about July 14, 2016,

21  defendant rented a hotel room in Alhambra, California.  Beginning on

22  that date, and continuing until July 19, 2016, with defendant's

23  knowledge and agreement, GARZA used the hotel room to distribute

24  methamphetamine to drug customers and to possess methamphetamine with

25  the intent to distribute it to drug customers.  On July 19, 2016,

26  officers from the Alhambra Police Department searched the hotel room.

27  During the search, the officers found 2,372 grams of actual

28  methamphetamine.  Defendant admits that she and GARZA possessed the

                                    6

2,372 grams of actual methamphetamine.  Based on these facts, defendant admits and agrees that she knowingly and intentionally participated in the charged conspiracy and that the charged conspiracy involved at least 2,372 grams of actual methamphetamine attributable to defendant as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

//
//
//
//
//
//
//
//
//

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 33 | U.S.S.G. §§ 2D1.1(a)(5), |
| (reflecting the offense | | (c)(2) |
| level of 36 specified in the | | |
| Drug Quantity table and a 3- | | |
| level decrease because | | |
| defendant receives an | | |
| adjustment under U.S.S.G. | | |
| § 3B1.2): | | |
| Minor Participant: | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

8

1        b.   The right to a speedy and public trial by jury.

2        c.   The right to be represented by counsel -- and if

3 necessary have the Court appoint counsel -- at trial.  Defendant

4 understands, however, that, defendant retains the right to be

5 represented by counsel -- and if necessary have the Court appoint

6 counsel -- at every other stage of the proceeding.

7        d.   The right to be presumed innocent and to have the

8 burden of proof placed on the government to prove defendant guilty

9 beyond a reasonable doubt.

10        e.   The right to confront and cross-examine witnesses

11 against defendant.

12        f.   The right to testify and to present evidence in

13 opposition to the charges, including the right to compel the

14 attendance of witnesses to testify.

15        g.   The right not to be compelled to testify, and, if

16 defendant chose not to testify or present evidence, to have that

17 choice not be used against defendant.

18        h.   Any and all rights to pursue any affirmative defenses,

19 Fourth Amendment or Fifth Amendment claims, and other pretrial

20 motions that have been filed or could be filed.

21 <u>WAIVER OF APPEAL OF CONVICTION</u>

22   18.  Defendant understands that, with the exception of an appeal

23 based on a claim that defendant's guilty plea was involuntary, by

24 pleading guilty defendant is waiving and giving up any right to

25 appeal defendant's conviction on the offense to which defendant is

26 pleading guilty.  Defendant understands that this waiver includes,

27 but is not limited to, arguments that the statutes to which defendant

28 is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND

WAIVER OF COLLATERAL ATTACK

19.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 28 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty

10

are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

21.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 28 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

//

//

11

1

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

//

12

1         a.   Defendant agrees that any applicable statute of
2  limitations is tolled between the date of defendant's signing of this
3  agreement and the filing commencing any such action.

4         b.   Defendant waives and gives up all defenses based on
5  the statute of limitations, any claim of pre-indictment delay, or any
6  speedy trial claim with respect to any such action, except to the
7  extent that such defenses existed as of the date of defendant's
8  signing this agreement.

9         c.   Defendant agrees that: (i) any statements made by
10  defendant, under oath, at the guilty plea hearing (if such a hearing
11  occurred prior to the breach); (ii) the agreed to factual basis
12  statement in this agreement; and (iii) any evidence derived from such
13  statements, shall be admissible against defendant in any such action
14  against defendant, and defendant waives and gives up any claim under
15  the United States Constitution, any statute, Rule 410 of the Federal
16  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
17  Procedure, or any other federal rule, that the statements or any
18  evidence derived from the statements should be suppressed or are
19  inadmissible.

20      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
21                     OFFICE NOT PARTIES

22    27.  Defendant understands that the Court and the United States
23  Probation and Pretrial Services Office are not parties to this
24  agreement and need not accept any of the USAO's sentencing
25  recommendations or the parties' agreements to facts or sentencing
26  factors.

27    28.  Defendant understands that both defendant and the USAO are
28  free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

14

1    promise, understanding, or agreement may be entered into unless in a

2    writing signed by all parties or on the record in court.

3    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

4         31.   The parties agree that this agreement will be considered

5    part of the record of defendant's guilty plea hearing as if the

6    entire agreement had been read into the record of the proceeding.

7    AGREED AND ACCEPTED

8    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
9    CALIFORNIA

10   E. MARTIN ESTRADA
     United States Attorney

11

12                                           April 15, 2024
     _____             _____
13   SKYLER F. CHO                           Date
     Assistant United States Attorney

14                                           **04/12/2024**
     _____             _____
15   AMADA ALVAREZ                           Date
     Defendant

16                                           04/12/2024
     _____             _____
17   GREGORY NICOLAYSEN                      Date
     Attorney for Defendant
18   AMADA ALVAREZ

19

20

21               <u>CERTIFICATION OF DEFENDANT</u>

22        I have read this agreement in its entirety.  I have had enough

23   time to review and consider this agreement, and I have carefully and

24   thoroughly discussed every part of it with my attorney.  I understand

25   the terms of this agreement, and I voluntarily agree to those terms.

26   I have discussed the evidence with my attorney, and my attorney has

27   advised me of my rights, of possible pretrial motions that might be

28   filed, of possible defenses that might be asserted either prior to or

                                    15

1   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

2   of relevant Sentencing Guidelines provisions, and of the consequences

3   of entering into this agreement.  No promises, inducements, or

4   representations of any kind have been made to me other than those

5   contained in this agreement.  No one has threatened or forced me in

6   any way to enter into this agreement.  I am satisfied with the

7   representation of my attorney in this matter, and I am pleading

8   guilty because I am guilty of the charge and wish to take advantage

9   of the promises set forth in this agreement, and not for any other

10  reason.

11                                                    **4/12/24**

12  _____          _____
    AMADA ALVAREZ                        Date
13  Defendant

14

15

16                  CERTIFICATION OF DEFENDANT'S ATTORNEY

17        I am AMADA ALVAREZ's attorney.  I have carefully and thoroughly

18  discussed every part of this agreement with my client.  Further, I

19  have fully advised my client of her rights, of possible pretrial

20  motions that might be filed, of possible defenses that might be

21  asserted either prior to or at trial, of the sentencing factors set

22  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

23  provisions, and of the consequences of entering into this agreement.

24  To my knowledge: no promises, inducements, or representations of any

25  kind have been made to my client other than those contained in this

26  agreement; no one has threatened or forced my client in any way to

27  enter into this agreement; my client's decision to enter into this

28  agreement is informed and voluntary; and the factual basis set forth

                                    16

in this agreement is sufficient to support my client's entry of a

guilty plea pursuant to this agreement.

GREGORY NICOLAYSEN                          Date 4/12/2024
Attorney for Defendant
AMADA ALVAREZ